# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before the Court Sitting *En Banc*

**AG, by and through Captain THOMAS R. NEUMANN,**
**Special Victim Counsel, Petitioner**
**v.**
**Colonel MICHAEL J. HARGIS,**
**U.S. Army, Military Judge, Respondent**

ARMY MISC 20170417

---------------
ORDER
---------------

WHEREAS:

Petitioner's special victim counsel [hereinafter SVC] filed a "Request for Reconsideration of Dismissal of Petitioner's Request for Extraordinary Relief; Suggestion for En Banc Consideration; and Request for Recusal of Panel 4" of the Court's decision, issued on 16 August 2017. We grant petitioner's motion for en banc consideration and deny his motion in all other respects.

In addition to allegations of actual and implied bias, petitioner's SVC requested Panel 4 recuse itself for allegedly committing professional misconduct by "plagiarizing" an earlier unpublished opinion of this Court in its decision on 16 August 2017. The Court finds petitioner's assertion of "plagiarism" and other actual and implied bias allegations are frivolous.

Petitioner's SVC reasserts 18 U.S.C. § 3771(d)(3) and the All Writs Act, 28 U.S.C. § 1651, provide this Court with jurisdiction over his writ. They do not. Instead, 18 U.S.C. § 3771(d)(3) permits a crime victim to file a writ of mandamus to a "court of appeals" when a "district court" denies relief. As defined in 28 U.S.C. § 43(a), a "court of appeals" is "a court of record, known as the United States Court of Appeals for the circuit." The United States Army Court of Criminal Appeals is not a "United States Court of Appeals for the circuit." *See* 10 U.S.C. § 866(a) (authorizing the Judge Advocate General of each service branch to establish a Court of Criminal Appeals).

As noted in the Court's 16 August 2017 opinion, the petitioner's SVC did not request a writ of mandamus under 10 U.S.C. § 806b(e)(1), which provides this Court with limited jurisdiction to review SVC writs of a particular nature. Even if petitioner's SVC had filed the writ under this authority, as the Court noted in its 16 August 2017 opinion, jurisdiction does not exist at this juncture under 10 U.S.C. § 806b(e)(1) or the All Writs Act based on the nature of petitioner's writ.

HARGIS—ARMY MISC 20170417

NOW, THEREFORE, IT IS ORDERED:

Petitioner's request for en banc consideration is GRANTED.

Petitioner's request for reconsideration and recusal of Panel 4 is DENIED.

DATE:  31 October 2017

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

CF:    JALS-DA
       JALS-GA
       JALS-CCR
       JALS-CCZ
       JALS-CR1